## Stratton, Administratrix, et al. v. Wilson.

(Decided January 28, 1916.)

### Appeal from the Oldham Circuit Court.

Action—Multiplicity of Suits.—Where a suit is pending in a court, a second suit filed therein between the same parties and involving the same subject matter will be dismissed.

BRUCE & BULLITT and R. T. CROWE for appellant.

JOHN J. DAVIS, D. H. FRENCH, DAVIS & DAVIS and SUMMERS & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

W. A. Stratton died intestate in October, 1913, and in November thereafter his widow, the appellant, qualified as his administratrix. Appellee, Ada Stratton Wilson, is the only heir at law of the decedent, and she and the widow are the only distributees.

On the 11th of April, 1914, the appellee filed an action in the Oldham circuit court against appellant individually and as administratrix seeking a settlement of the estate and a distribution of the proceeds.

Notwithstanding that suit, the appellant, as administratrix and in her individual capacity, filed on the 2nd day of May thereafter this suit in the same court against

appellee seeking the same relief and for the same purpose.

Both suits were appearances at the same term of court, and at that term appellant sought to have the two actions consolidated, to which appellee objected, and the court declined to consolidate them. Thereupon appellee filed her answer in the nature of a plea in abatement, as authorized by section 118 of the Civil Code, wherein she sets up the facts as to the pendency of another suit between the same parties and in the same court for the same purposes, and prayed that the action be dismissed. The plaintiff replied to this answer, alleging in substance that the first named suit was filed for the purpose of obtaining compensation and attorneys' fees in connection with the settlement of the estate, and for the purpose of depriving the plaintiff, as administratrix, of the right to settle the estate and receive compensation therefor.

A demurrer to the reply having been sustained the court dismissed the plaintiff's petition, and she has appealed.

The necessity for the last named action is not apparent; any relief which the administratrix or widow individually, might be entitled to in this action could have been secured in the former action pending between the same parties and involving the same subject matter. It only involved additional costs and expense to the parties, and could not possibly give the plaintiff therein any relief which she might not have in the former suit. Civil Code, sections 92 and 118. Loveland Garrett Co. v. Day., 30 K. L. R., 879; Phillips v. Sou. Div. C. & O. Ry. Co., 110 Ky., 33; Curd v. Lewis, 1st Dana, 351.

Judgment affirmed.